**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JASON MENDEZ, and other similarly
situated individuals,

    Plaintiff,

v.    Case No: 6:22-cv-01297-PGB-EJK

FONDA EL CRIOLLITO RESTAURANT
LLC and ALBERTO COSS CORTES,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

    The Parties, through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support hereof, the Parties state as follows:

    1.    Plaintiff, JASON MENDEZ, filed a lawsuit alleging violations of the Fair Labor Standards Act (the "FLSA") against Defendants, FONDA EL CRIOLLOTO RESTAURANT, LLC and ALBERTO COSS CORTES, in the United States District Court, Middle District of Florida, Orlando Division on July 22, 2022. (D.E. 1).

2.     Plaintiff contends in his Complaint that he was not paid for hours worked in excess of forty (40) in a workweek, and during his last week of work he did not receive minimum wage.  Defendants deny Plaintiff's allegations.

3.     To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

## **MEMORANDUM OF LAW**

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor.  *Id*. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve

> the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

## I.   The Settlement.

The Settlement Agreement is attached hereto as Exhibit 1. Under the terms of the Settlement Agreement, Defendants shall pay Plaintiff $1,175.00 in allegedly unpaid overtime compensation, $1,175.00 in alleged liquidated damages, and $4,150.00 in attorneys' fees and costs. Plaintiff was a non-exempt cook from May 25, 2022, through June 26, 2022.[1] Plaintiff's hourly rate of pay was $10.00 per hour. Plaintiff contends that during his first four weeks of employment he was paid straight time for all hours worked, but he did not receive an overtime premium for hours worked in excess of 40 per workweek. He alleges that he worked 57 hours during his last week of employment but did not receive any compensation.

Plaintiff seeks 26 hours per week in overtime compensation at the rate of $5.00 per hour for the first four weeks he worked at the restaurant, or $520.00. He also seeks minimum wage at Florida's minimum wage rate of $10.00 per hour for the first 40 hours he worked during his last week of employment ($400.00)

---

[1] The Parties note that Plaintiff indicated in the Complaint that his start date was February 7, 2022, and that he worked an average of 15 overtime hours per week. *See* D.E. 1 at ¶¶ 13, 17. During the Parties' negotiations, the parties exchanged various information regarding Plaintiff's start date and hours worked, and Plaintiff agreed his actual start date was May 25, 2022. Plaintiff also asserted he averaged 66 hours per week during his first four weeks of employment and he worked 57 hours during his last week.

and overtime compensation at a rate of $15.00 per hour for 17 hours of alleged overtime work ($255.00). The total unpaid minimum wages and overtime sought by Plaintiff is $1,175.00.

Under the Settlement, Plaintiff will receive all of the allegedly unpaid minimum wages, overtime compensation, and liquidated damages he would receive if he were to prevail at trial. Thus, the amount of back pay and liquidated damages payable to Plaintiff under the terms of the settlement amount to "full relief" to him under the FLSA.

The settlement also provides that Defendants will pay Plaintiff's counsel the sum total of $4,150.00 in fees and costs ($3,423.00 in attorney's fees and $727.00 in costs). Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II.   A "Bona Fide" Dispute Exists.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees*, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the dispute. *Id.* Plaintiff contends she was not paid for overtime hours she worked, as she performed various work "off the clock." Defendant denies these allegations.

### III. <u>All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval.</u>

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees*, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of the plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

*Id.* at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

#### a. *<u>There is no fraud or collusion behind the settlement.</u>*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

#### b. *<u>The complexity, expense, and length of future litigation militate in favor of the settlement.</u>*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. A trial or arbitration hearing likely would not take place for at least one (1) year. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendants would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

   c. *The stage of the litigation weighs in favor of approval of the settlement.*

This case is in the early stages. If the Parties are required to litigate, each side will incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

   d. *Plaintiff's probability of success on the merits is uncertain.*

Plaintiff's probability of success on the merits is not a certainty. Defendants deny Plaintiff's allegations and contend Plaintiff was paid appropriately for all hours he actually worked.

   e. *The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

**IV. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The *Dees* court noted that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. A court need not, however,

scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*). Such is the case here. The fee to be paid under this settlement to Plaintiff's counsel, $4,150.00 ($3,423.00 in attorney's fees and $727.00 in costs), was negotiated separately from the amount to be paid to Plaintiff. The settlement is reasonable on its face, including the fee amount. As stated above, Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## V. **The Mutual General Release Does Not Affect the Fairness of the Settlement.**

The Court in its Scheduling Order advised the parties to address how the inclusion of a general release affects the fairness and reasonableness of the settlement. *See* D.E. 15 at ¶ 11. Here, the Settlement Agreement includes a mutual general release.

Courts in the Middle District of Florida have approved FLSA settlement agreements with general releases where the parties provide the court with sufficient information, such as detailed explanations in their motions or affidavits from plaintiffs, regarding any other claims that the plaintiffs are knowingly

7

releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See, e.g., Hathaway v. Hemp. Hop,* LLC, 2022 U.S. Dist. LEXIS 40798 (M.D. Fla. Mar. 7, 2022).

Neither Plaintiff nor Defendants are aware of any claims one side has or might have against the other. Defendants did not insist upon a general release as a condition of settlement. Rather, Plaintiff proposed that Defendants release Plaintiff from all claims they have or may have against them. The consideration for Defendants' release of such claims is Plaintiff's release of any additional claims he has or may have against Defendants. Thus, this is not the type of one-sided, pervasive release that courts such as *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010), have found to be unfair.

## **CONCLUSION**

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 14th day of October, 2022.

| | |
|---|---|
| **/s/ Julisse Jimenez** | **/s/Keith L. Hammond** |
| Julisse Jimenez (FBN: 65387) | Keith L. Hammond (FBN: 0164798) |
| E-mail: julisse@saenzanderson.com | Primary: keith@hammondlawcenter.com |
| SAENZ & ANDERSON, PLLC | Secondary: admin@hammondlawcenter.com |
| 20900 NE 30th Avenue, Ste. 800 | KEITH L. HAMMOND, P.A. |
| Aventura, Florida 33180 | Hammond Law Center |
| Telephone: (305) 503-5131 | P.O. Box 470361 |
| Facsimile: (888) 270-5549 | Celebration, Florida 34747 |
| *Counsel for Plaintiff* | Telephone: (407) 730-9909 |
| | Facsimile: (800) 861-0585 |
| | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2022, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to R. Martin Saenz, Esq. and Julisse Jimenez, Esq., SAENZ & ANDERSON, PLLC, msaenz@saenzanderson.com and julisse@saenzanderson.com.

By: */s/ Keith L. Hammond*
Keith L. Hammond