UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:22-cv-01297-PGB-EJK

JASON MENDEZ, and other similarly situated individuals,

        Plaintiff(s),

v.

FONDA EL CRIOLLITO RESTAURANT LLC and ALBERTO COSS CORTES,

        Defendants.

**<u>PLAINTIFF' MOTION FOR AN ENTRY OF JUDGMENT AND FOR AN AWARD OF ATTORNEY'S FEES, OR IN THE ALTERNATIVE FOR AN ORDER COMPELLING THE DEFENDANTS TO COMPLY WITH THE TERMS OF THE SETTLEMENT AGREEMENT ENTERED INTO BY THE PARTIES</u>**

The Plaintiff, JASON MENDEZ ("Mendez"), by and through his undersigned counsel, hereby moves to this Honorable Court to enforce the Settlement Agreement executed between the Plaintiff and the Defendants, Fonda El Criollito Restaurant LLC And Alberto Coss Cortes (collectively the "Defendants").

Plaintiffs request this Honorable Court to compel Defendants to perform its obligations under the aforementioned Settlement Agreement approved by this Court, by paying Plaintiff his unpaid wages and attorney's fees and costs. As grounds for

this motion, Plaintiffs state as follows:

## BACKGROUND AND RELEVANT FACTS

1. On July 22, 2022, Plaintiffs filed a Complaint (D.E.1) against Defendants to recover money owed to them for breach of contract. *See* Mendez et al v. l Criollito et al. Case No. 6:22-cv-01297-PGB-EJK.

2. In its Complaint, Plaintiffs alleges that Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq., the Fair Labor Standards Act ("FLSA") in that Plaintiff was not paid for his overtime hours worked or and during his last week of work he did not receive minimum wage.

3. On August 29, 2022, Defendants filed their Answer and Affirmative Defenses (D.E.145), in which denied most of the allegations of Plaintiffs.

4. On October 13, 2022, in good faith and expecting that he would be paid his unpaid wages, Plaintiff signed the Settlement Agreement for full payment of his unpaid wages.

5. On September 19, 2022, Plaintiffs and Defendants filed a Notice of Settlement (D.E.18).

6. On December 12, 2022, the Honorable Judge Judge Paul G. Byron signed an Order Dismissing Action, after the parties' Notice of Settlement (D.E.26).

7. The Defendants have breached the Settlement with Plaintiffs, in that after approval of the settlement by this Court they have refused to make payment of the unpaid wages.

8. Under the terms of the Settlement Agreement, Defendants were required to pay Mendez the amount of $6,500.00.

9. Defendants have failed to pay Plaintiff his wages due under the Settlement Agreement and attorney's fees and costs pursuant to the FLSA provision. Therefore, and Plaintiffs require that this Honorable Court compel Defendants to do so.

## MEMORANDUM OF LAW

**A.     Plaintiffs are entitled to enforcement of Settlement Agreement.**

The Court has the inherent power to enforce the terms of a settlement agreement, generally applying principles of contract law. *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7 (S.D. Fla. Mar. 3, 2010). However, a Court has the authority to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date. The entry of a money judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming

litigation." *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7 (S.D. Fla. Mar. 3, 2010). *See also*, *Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259, 261 (5th Cir. 1972) *D. H. Overmyer Co. v. Loflin,* 440 F.2d 1213, 1215 (5th Cir. 1971). Such a judgment is authorized under the trial court's "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7-8 (S.D. Fla. Mar. 3, 2010); *Cia Anon Venezolana De Navegacion v. Harris,* 374 F.2d at 36. *See also Massachusetts Casualty v. Forman,* 469 F.2d at 260. In this case, the parties entered into a binding Settlement Agreement, which set forth the rights and obligations of the respective parties. As described above, the Defendants have breached that agreement by, among other things, failing to: 1) failure to pay Plaintiff the amount of money owed; 2) Pay Plaintiffs reasonable attorney's fees and costs. Pursuant to the inherent power of the Court, Plaintiffs is entitled to enforce Defendants sign the Settlement Agreement.

Plaintiff has, on multiple occasions, reminded the Defendants through their lawyer of their obligation to pay pursuant to the settlement agreement approved by the Court. However, the Defendants refuse to pay, and Defendant's counsel stated he would be withdrawing from the case. As such, the Plaintiff has no remedy other than to file the instant motion and request relief from the Court.

Plaintiffs is entitled to be placed in the same position they would have occupied

had Defendants performed its obligations under the Settlement Agreement. In this case, Plaintiff has incurred expenses related to enforcing its rights under the Settlement Agreement. Plaintiffs are clearly entitled to recover those damages, as well as any others flowing from the Defendants breaches.

Plaintiff has retained the service of Saenz & Anderson, PLLC to pursue entry of judgment against the Defendants or to enforce the Settlement Agreement. The Plaintiff is obligated to pay a reasonable fee for these services.

Plaintiff is entitled to attorney's fees for the filing of this motion pursuant to the FLSA.

The FLSA explicitly provides that a court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Powell v. Carey International, Inc.,* 547 F.Supp.2d 1281, 1284 (2008). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985); *Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir.1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"). Further, the Supreme Court has held that a party is a "prevailing party" for purposes of an attorney's fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,*

489 U.S. 782, 791 (1989). Moreover, it is well settled that a court's "approval of a settlement ... is a judicially sanctioned change in the legal relationship of the parties." *Goss v. Killian Oaks House of Learning,* 248 F.Supp.2d 1162, 1167 (S.D.Fla.2003) (*citing American Disability Assoc. v. Chmielarz,* 289 F.3d 1315, 1320 (11th Cir.2002)).

Accordingly, because the Plaintiff settled the instant case with Defendants and because the Plaintiff should be considered the prevailing party in this action, the Plaintiff is entitled to reasonable attorney's fees for the preparing and filing of the instant motion.

## **CONCLUSION**

Defendants willfully breached the terms of the Settlement Agreement approved by the Court (D.E.24) by failing to sign the pay the waged owed to Plaintiff and his mandatory attorney's fees and costs under the FLSA.

**WHEREFORE**, the Plaintiff request that the Court find that the Defendants have failed to pay Plaintiff the under the Settlement Agreement approved by the Court and award attorney's fees and costs incurred in this motion.

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE ISSUES

### (Local Rule 3.01(g) Certification)

**I HEREBY CERTIFY** that I have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. In doing so, opposing counsel, Keith Hammond, stated that he no longer represents the Defendants and to contact Mr. Coss to ascertain Defendants' position. Mr. Coss stated that he is looking to pay as little as possible in this case. The conferral occurred via email and phone.

/s/ **Julisse Jimenez**
Julisse Jimenez (FBN: 65387)
E-mail: julisse@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Julisse Jimenez**

## SERVICE LIST

Julisse Jimenez
E-mail: julisse@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

Keith L. Hammond
Fla. Bar No. 0164798
KEITH L. HAMMOND, P.A.
Hammond Law Center
P.O. Box 470361
Celebration, Florida 34747
Telephone: (407) 730-9909
Facsimile: (800) 861-0585
Primary:
keith@hammondlawcenter.com
Secondary:
admin@hammondlawcenter.com
*Counsel for Defendants*