UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JASON MENDEZ,**

      **Plaintiff,**

v.                                           **Case No: 6:22-cv-1297-PGB-EJK**

**FONDA EL CRIOLLITO
RESTAURANT LLC and
ALBERTO COSS CORTES,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Judgment and for an Award of Attorney's Fees, or in the Alternative, for an Order Compelling Defendants to Comply with the Terms of the Settlement Agreement Entered into by the Parties (the "Motion") (Doc. 27), filed January 11, 2023. Defendants have not responded to the Motion.

On December 22, 2022, the presiding District Judge entered an order approving the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice in this Fair Labor Standards Act case, 29 U.S.C. §§ 201–219. (Doc. 26.) In that Order, the Court dismissed Plaintiff's Complaint with prejudice and closed the case. (*Id.*) Now, Plaintiff states that Defendants have failed to comply with the terms of the settlement agreement and seeks an order compelling "Defendants to perform [their] obligations under the aforementioned Settlement Agreement approved by this Court." (Doc. 27 at 1.)

As an initial matter, the Court questions whether it has subject matter jurisdiction to enforce the settlement agreement, as requested by Plaintiff. Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Supreme Court has held that the enforcement of a settlement agreement requires its own basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Pursuant to *Kokkonen*, the Eleventh Circuit has stated that in order for a court to have jurisdiction to enforce a settlement agreement following the dismissal of a case, the court must either: 1) issue an order retaining jurisdiction prior to the case being dismissed, or 2) the parties must have conditioned their stipulation of dismissal on the entry of an order retaining jurisdiction, and the Court must incorporate the terms of the settlement into the order dismissing the case. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278–79 (11th Cir. 2012). Neither situation appears to have occurred here, and Plaintiff's Motion fails to otherwise address the source of the Court's jurisdiction in light of *Kokkonen* and *Anago*.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Entry of Judgment and for an Award of Attorney's Fees, or in the Alternative, for an Order Compelling Defendants to Comply with the Terms of the Settlement Agreement Entered into by the Parties (Doc. 27) is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to re-

file the Motion, Plaintiff should provide briefing on the source of the Court's jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE